**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DON WAYNE SIMON, ID # 1070579,** )<br>            Petitioner,                                                      )<br>vs.                                                                              )       No. 3:05-CV-1388-N (BH)<br>                                                                                   )<br>**WILLIAM STEPHENS,**[1] **Director,**                   )       Referred to U.S. Magistrate Judge<br>**Texas Department of Criminal**                        )<br>**Justice, Correctional Institutions Division,**    )<br>            Respondent.                                                  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Applications for Certification of Appealabi[li]ty and Motion for Permission to File Second or [Successive] Habeas Corpus Applications Under Code of Criminal Procedure Article 11:07 and a Habeas Corpus: 28 USC § 2254,* received on June 23, 2015 (doc. 24). Based on the relevant filings and applicable law, the motion for certificate of appealability should be **DENIED**, and the motion to file a second or successive § 2254 petition should be **DISMISSED.**

**I.  BACKGROUND**

Dow Wayne Simon (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition under 28 U.S.C. § 2254.  The respondent is William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (Respondent).

Petitioner was charged by indictment in Cause No. F00-53067-KH in the Criminal District Court Number One of Dallas County, Texas, with aggravated robbery. (Clerks R. at 2.) The

---

[1]  Because William Stephens has replaced Rick Thaler as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, he is substituted as the respondent. *See* Fed R. Civ. P. 25(d).

indictment also included an enhancement paragraph alleging a prior felony conviction for robbery. (*Id.*) Petitioner was tried jointly with his brother, who was also charged with the same offense, before a jury beginning on October 15, 2001. On October 19, 2001, the jury found both guilty of aggravated robbery as charged in the indictment. (Clerk's R. at 34.) Following the punishment phase, on October 22, 2001, the trial court entered a deadly weapon finding, found the enhancement allegation true, and assessed Petitioner's punishment at forty years' imprisonment. (*Id* at 35.) He appealed his conviction, but the Fifth District Court of Appeals affirmed the trial court's judgment on October 14, 2003. *Simon v. Texas*, No. 05-01-01767-CR, slip op. (Tex. App.–Dallas Oct. 14, 2003) (not designated for publication). He did not seek further direct review. (Petition at 3.) He filed a post-conviction state habeas application, raising the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Simon*, State Habeas Application No. 56,016-01, at cover.

Petitioner mailed his federal petition for writ of habeas corpus on June 8, 2005.[2] Respondent filed an answer with supporting documentary exhibits, to which Petitioner filed a reply. By order and judgment filed January 31, 2008, the January 10, 2008 findings, conclusions and recommendation that the petition under 28 U.S.C. § 2254 be denied with prejudice were adopted. (docs. 14, 16 and 17.) Petitioner timely filed a notice of appeal, and his request for a certificate of appealability was denied by order dated March 20, 2008. (doc. 20.) The United States Court of Appeals for the Fifth Circuit denied Petitioner's appeal/request for a certificate of appealability. *See Simon v. Quarterman,* No. 08-10151 (5th Cir. 2009). Six years later, Petitioner filed this motion.

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## II. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2)(West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

As noted, Petitioner was denied a certificate of appealability in 2008. His new motion for a certificate of appealability recites no new grounds or information, so his current motion should be denied for the same reasons as his prior motion.

## III. PERMISSION TO FILE SUCCESSIVE § 2254 PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Failure to obtain an order from the court of appeals authorizing the review of a successive petition deprives the district court of subject matter

jurisdiction. *Crone,* 324 F.3d at 838. Importantly, it is the "petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition [that] 'acts a jurisdictional bar.'" *See Williams v. Thaler,* 602 F.3d 291, 301 (5th Cir. 2010) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). This Court is without jurisdiction to consider Petitioner's motion for leave to file a successive petition under 28 U.S.C. § 2254; he must seek this relief from the Fifth Circuit Court of Appeals. This motion should be dismissed.

### IV. RECOMMENDATION

The motion for a certificate of appealability should be **DENIED,** and the motion to file a second or successive petition under 28 U.S.C. § 2254 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 3rd day of August, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE